**JUDGE CARTER**

**25 CV 07875**

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jiaorong Li<br>*Plaintiff,*<br><br>v.<br><br>Partnerships and Unincorporated Associations Identified on Schedule A<br>*Defendants.* | Case No.<br><br>Motion to Seal |

# PLAINTIFF'S MOTION FOR LEAVE TO

# FILE CERTAIN DOCUMENTS UNDER SEAL

Plaintiff Jiaorong Li ("Plaintiff"), by and through undersigned counsel, respectfully moves this Court for leave to file certain documents under seal in connection with Plaintiff's Complaint for Infringement of U.S. Design Patent.

### I. Documents to Be Sealed

Plaintiff seeks leave to file a fully sealed case.

### II. Basis for Relief

1. This action arises under the Patent Act, 35 U.S.C. § 1 et seq., and this Court's jurisdiction is proper under 28 U.S.C. §§ 1331 and 1338(a)-(b).

2. Plaintiff seeks emergency ex parte injunctive relief against Defendants, who are believed to be foreign counterfeiters engaged in willful infringement of Plaintiff's design patent.

3. The Sealed Documents contain and subsequent documents will contain identifying information about Defendants' online marketplace stores, their infringing products,

and their means of operation. Public disclosure of this information before the Court issues and effectuates the requested temporary restraining order would alert Defendants to the pendency of this action. This is evident from the initial case filing documents.

4. If prematurely alerted, Defendants could irreparably harm Plaintiff by:
   - concealing or destroying relevant documentary evidence;
   - transferring or dissipating assets to offshore jurisdictions beyond this Court's reach; and
   - altering or shutting down their infringing online stores to evade enforcement.

5. Such actions would frustrate this Court's power to grant effective relief, interfere with Plaintiff's rights under the Patent Act, and undermine the judicial process.

6. Sealing is therefore necessary to prevent prejudice to Plaintiff and to preserve the integrity of these proceedings.

### III. Conclusion

1. For the foregoing reasons, Plaintiff respectfully requests that the Court grant this Motion and permit a fully sealed case, with access limited to the Court and the parties until further order.

Dated: September 11, 2025

Respectfully submitted,
/s/ Nitin Kaushik
Nitin Kaushik
50 Lerer Lane
Staten Island, NY 10307
Tel: 908-560-7265
Email: nitin.kaushik@gmail.com
*Counsel for Plaintiff*

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jiaorong Li<br><br>                  *Plaintiff*,<br><br>v.<br><br>Partnerships and Unincorporated Associations Identified on Schedule A<br>                  *Defendants*. | **Case No.**<br><br>**Complaint for Infringement of US Design Patent** |

## COMPLAINT

1. Plaintiff Jiaorong Li ("Plaintiff"), by and through undersigned counsel, brings this action against the Partnerships and Unincorporated Associations identified on Schedule A attached hereto (collectively, "Defendants") and alleges as follows:

## THE PARTIES

2. Plaintiff is a citizen and resident of China and the lawful owner by way of assignment of all rights, title, and interest in the U.S. Design Patent attached hereto as **Exhibit A**, which was duly and legally issued by the United States Patent and Trademark Office ("USPTO").

3. Plaintiff is also the inventor of the Patent and offers for sale products practicing Patent via online retailers including Amazon Marketplace. Plaintiff's products enjoy high quality and reputation and positive consumer reviews.

4. Plaintiff has not granted any Defendant a license or permission to use, make, sell, or import products embodying the Patent.

5. Defendants are making, using, offering for sale, selling, and/or importing unauthorized products (the "Accused Products") that infringe Plaintiff's Patent.

6. Defendants are believed to be individuals and business entities of unknown makeup who own and/or operate one or more of the e-commerce stores under at least the seller names identified on Schedule A ("Marketplace Stores") and/or other seller names not yet known to Plaintiff. Defendants sell Accused Products through their Marketplace Stores to unknowing consumers, including in this District. On information and belief, Defendants reside and/or operate in the People's Republic of China or other country outside the United States. Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

7. On information and belief, Defendants either individually or jointly operate one or more of the Marketplace Stores. Tactics used by Defendants to conceal their identities and the full scope of their counterfeiting operation make it virtually impossible for Plaintiff to learn the Defendants' true identities and the full scope and interworking of their counterfeit network. If Defendants provide additional credible information regarding their identities, Plaintiff will take appropriate steps to amend the Complaint.

8. On information and belief, Defendants are not registered or licensed to do business in any jurisdiction in the United States, and have no agent authorized by appointment or by law to receive service of process.

**JURISDICTION AND VENUE**

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, § 1338(a)-(b) and the Patent Act, 35 U.S.C. § 1, et seq.

10. Venue is proper under 28 U.S.C. § 1391 because Defendants conduct business and commit acts of infringement in this District. Defendants target consumers in New York through fully interactive e-commerce stores, including Amazon.com, and cause Plaintiff injury within this District.

11. This Court has personal jurisdiction over Defendants because they: (a) purposefully direct commercial activities to New York residents; (b) operate interactive online stores offering infringing products for sale to New York consumers; and (c) commit tortious acts causing harm in this District.

## JOINDER OF DEFENDANTS

12. Defendants are interrelated infringers working in concert to make, sell, and import infringing products manufactured by a common source. Their online storefronts feature identical or nearly identical images, product descriptions, and pricing.

13. Defendants also employ common tactics—such as using multiple aliases, shifting store names, using similar shopping cart platforms and payment processors, and concealing contact information—demonstrating their coordinated operation.

14. Accordingly, joinder of Defendants is proper because their acts arise out of the same series of transactions or occurrences.

## FACTUAL BACKGROUND

15. Defendants have full knowledge of Plaintiff's Patent and deliberately infringe it.

16. Defendants use deceptive tactics to conceal their identities, including changing seller names and creating multiple storefronts. Defendants share information in online chat

groups and websites (e.g., sellerdefense.cn, sellerguard.com.cn, amz123.com) to evade enforcement, destroy evidence, and transfer assets once lawsuits are filed.

17. E-commerce store operators like the Defendants typically operate multiple credit card merchant accounts and PayPal accounts behind layers of payment gateways to prevent disruptions of their operations by Plaintiff's enforcement efforts, such as via Amazon. On information and belief, Defendants maintain offshore bank accounts and regularly move funds from their accounts (such as PayPal or other financial accounts) to offshore bank accounts outside the jurisdiction of this Court.

18. Defendants are working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell Accused Products in the same transaction, occurrence, or series of transactions or occurrences. Defendants, without any authorization or license from Plaintiff, have jointly and severally, knowingly and willfully offered for sale, sold, and/or imported into the United States for subsequent resale or use their products that infringe the Patents, directly and/or indirectly. Defendants' Marketplace Stores offer shipping to the United States, including New York, and, on information and belief, Defendants have sold Accused Products into the United States and New York over the Internet.

19. Defendants' infringement of the Patents in connection with the making, using, selling, offering to sell, or importing of the Accused Products, including the offering for sale and sale of Accused Products into New York, is irreparably harming Plaintiff.

20. Defendants' actions are willful, intentional, and irreparably harmful to Plaintiff, depriving it of control over its patented design, market share, and goodwill.

21. Defendants will continue to register or acquire e-commerce stores for the purpose of selling Accused Products unless preliminarily and permanently enjoined.

## COUNT I

### Infringement of United States Design Patent (35 U.S.C. § 271)

22. Plaintiff realleges and incorporates by reference the foregoing paragraphs.

23. Defendants have made, used, offered for sale, sold, and/or imported into the United States Accused Products embodying the patented design. Defendants' conduct constitutes infringement under 35 U.S.C. § 271.

24. Plaintiff has suffered and continues to suffer irreparable harm, for which there is no adequate remedy at law. Plaintiff is entitled to injunctive relief under 35 U.S.C. § 283.

25. Plaintiff is entitled to recover damages adequate to compensate for the infringement, including Defendants' profits under 35 U.S.C. § 289 and damages under 35 U.S.C. § 284.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment in its favor and against Defendants as follows:

1. A temporary, preliminary, and permanent injunction restraining Defendants, their officers, agents, servants, employees, attorneys, and all persons acting in concert with them from:

    a. making, using, selling, offering for sale, or importing products embodying Plaintiff's patented design:

    b. aiding, abetting, contributing to, or otherwise assisting anyone in making using, selling, offering for sale, and/or importing in the United States for sale or use any products not authorized by Plaintiff and that include any reproduction, copy or colorable imitation of the Patented Designs, and

    c. effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a) and (b);

2. An order directing online marketplaces (including Amazon, eBay, AliExpress, Alibaba, Wish, Walmart.com, Target.com, Dhgate, Temu), payment processors, and search engines to disable Defendants' storefronts and infringing listings;

3. An award of Plaintiff's actual damages and/or a reasonable royalty, plus interest and costs, pursuant to 35 U.S.C. § 284;

4. An award of Defendants' profits from infringement, pursuant to 35 U.S.C. § 289;

5. An award of Plaintiff's reasonable attorneys' fees and costs; and

6. Such other and further relief as the Court deems just and proper.

Dated: September 11, 2025                              Respectfully submitted,

                                                       /s/ Nitin Kaushik
                                                       Nitin Kaushik
                                                       50 Lerer Lane
                                                       Staten Island, NY 10307
                                                       Tel: 908-560-7265
                                                       Email: nitin.kaushik@gmail.com
                                                       *Counsel for Plaintiff*

# EXHIBIT A

# United States of America

To Promote the Progress of Science and Useful Arts

**The Director** of the United States Patent and Trademark Office has received an application for a patent for a new, original, and ornamental design for an article of manufacture. The title and description of the design are enclosed. The requirements of law have been complied with, and it has been determined that a patent on the design shall be granted under the law.

Therefore, this United States

# Patent

grants to the person(s) having title to this patent the right to exclude others from making, using, offering for sale, or selling the design throughout the United States of America or importing the design into the United States of America for the term set forth by law.

*Katherine Kelly Vidal*

DIRECTOR OF THE UNITED STATES PATENT AND TRADEMARK OFFICE

## Maintenance Fee Notice

No maintenance fees are required in design patents.

## Patent Term Notice

If the application for this patent was filed on or after May 13, 2015, the term of this patent is 15 years from the date of grant of this patent, subject to any disclaimer under 35 U.S.C. 253. If the application for this patent was filed prior to May 13, 2015, the term of this patent is 14 years from the date of grant of this patent, subject to any disclaimer under 35 U.S.C. 253.

Form PTO-379C (Rev 09/17)

US0D1051482S

(12) **United States Design Patent** (10) Patent No.: **US D1,051,482 S**
Li                                      (45) Date of Patent: ** Nov. 12, 2024

(54) **TABLE LIGHT**

(71) Applicant: JiaoRong Li, Jiujiang (CN)

(72) Inventor: JiaoRong Li, Jiujiang (CN)

(**) Term: **15 Years**

(21) Appl. No.: 29/913,910

(22) Filed: **Oct. 10, 2023**

(51) LOC (14) Cl. .............................................. 26-05
(52) U.S. Cl.
     USPC ........................................ **D26/112**; D26/110
(58) **Field of Classification Search**
     USPC .......................... D26/93, 104, 106–113, 118
     CPC .... F21S 6/00; F21S 6/002; F21S 6/003; F21S 6/005; F21V 1/00; F21W 2131/30
     See application file for complete search history.

(56)               **References Cited**
            U.S. PATENT DOCUMENTS

| | | | | |
|---|---|---|---|---|
| D76,347 S | * | 9/1928 | Kanne ........................... | D26/110 |
| 2,896,131 A | * | 7/1959 | Schumann ............. | H03K 17/52 |
| | | | | D26/112 |
| D197,298 S | * | 1/1964 | Schroeder .................... | D26/110 |
| D385,057 S | * | 10/1997 | Hutton ......................... | D26/110 |
| D388,222 S | * | 12/1997 | Barry ........................... | D26/112 |
| D433,530 S | * | 11/2000 | Barry ........................... | D26/112 |
| D451,234 S | * | 11/2001 | Dolan .......................... | D26/110 |
| D452,034 S | * | 12/2001 | Dolan .......................... | D26/110 |
| D530,444 S | * | 10/2006 | Girard .......................... | D26/153 |
| D590,092 S | | 4/2009 | Starck | |
| D757,990 S | * | 5/2016 | Giovannoni ................. | D26/110 |
| D800,371 S | * | 10/2017 | Bull .............................. | D26/110 |
| D887,070 S | * | 6/2020 | Vuorivirta .................... | D26/104 |
| D970,791 S | | 11/2022 | Cui | |
| D1,035,108 S | * | 7/2024 | Wen ............................. | D26/112 |

OTHER PUBLICATIONS

360 Lighting Simon Modern Table Lamps, Jul. 23, 2021, Amazon. com, site visited Sep. 19, 2024, URL: (Year: 2021).*
GRIRIW Small Bedside Lampshade, Jul. 13, 2023, Amazon.com.tr, site visited Sep. 19, 2024, URL: (Year: 2023).*
GyroVu Table Lamp, Mar. 22, 2023, Amazon.com, site visited Sep. 19, 2024, URL: (Year: 2023).*
"Onewish Touch Bedside Lamp for Bedroom, 3-Way Dimmable Farmhouse Table Lamps for Nightstand with Fabric Shade, Desk Lamp for Kids Reading, Home Office" as retrieved from the following link on Aug. 27, 2024. https://www.amazon.com/ONEWISH-Bedside-Dimmable-Farmhouse-Nightstand/dp/B0CK835MGD/.
"GyroVu Table Lamp Set of 2, Ceramic Table Lamp". Found online Oct. 10, 2023 at amazon.com. Reference dated Mar. 22, 2023. Retrieved from https://www.amazon.com/dp/B0BZ8KSZDQ?th=1. Year: 2023). The publisher of the above publication is the inventor, JiaoRong Li.

* cited by examiner

*Primary Examiner* — T Chase Nelson
*Assistant Examiner* — Rachel Wolfe

(57)              **CLAIM**
The ornamental design for a table light, as shown and described.

**DESCRIPTION**

FIG. 1 is a front elevation view of a table light showing the new design;
FIG. 2 is a back elevation view thereof;
FIG. 3 is a left-side elevation view thereof;
FIG. 4 is a right-side elevation view thereof;
FIG. 5 is a top plan view thereof;
FIG. 6 is a bottom plan view thereof;
FIG. 7 is a perspective view thereof; and,
FIG. 8 is another perspective view thereof.
The broken lines depict portions of the article that form no part of the claimed design.

**1 Claim, 8 Drawing Sheets**



**U.S. Patent**  Nov. 12, 2024  Sheet 1 of 8  US D1,051,482 S



FIG. 1

Case 1:25-cv-07875-ALC   Document 9   Filed 10/23/25   Page 15 of 19
Case 1:25-mc-00393-PAE   Document 2 (Ex Parte)   Filed 09/11/25   Page 12 of 19

**U.S. Patent**  Nov. 12, 2024   Sheet 2 of 8   US D1,051,482 S



FIG. 2

Case 1:25-cv-07875-ALC   Document 9   Filed 10/23/25   Page 16 of 19
Case 1:25-mc-00393-PAE   Document 2 (Ex Parte)   Filed 09/11/25   Page 13 of 19

**U.S. Patent**     Nov. 12, 2024     Sheet 3 of 8     US D1,051,482 S



FIG. 3

Case 1:25-cv-07875-ALC   Document 9   Filed 10/23/25   Page 17 of 19
Case 1:25-mc-00393-PAE   Document 2 (Ex Parte)   Filed 09/11/25   Page 14 of 19

**U.S. Patent**　　Nov. 12, 2024　　Sheet 4 of 8　　**US D1,051,482 S**



FIG. 4

Case 1:25-cv-07875-ALC   Document 9   Filed 10/23/25   Page 18 of 19
Case 1:25-mc-00393-PAE   Document 2 (Ex Parte)   Filed 09/11/25   Page 15 of 19

**U.S. Patent**   Nov. 12, 2024   Sheet 5 of 8   US D1,051,482 S



FIG. 5

**U.S. Patent**  Nov. 12, 2024  Sheet 6 of 8  US D1,051,482 S



FIG. 6