UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JIAORONG LI,<br><br>         Plaintiff,<br><br>-against-<br><br>PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A,<br><br>         Defendants. | 1:25-cv-07875 (ALC)<br><br>**SEALED ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER** |

**ANDREW L. CARTER, JR., United States District Judge:**

  Plaintiff Jiaorong Li ("Plaintiff") filed an *ex parte* motion for entry of a temporary restraining order ("TRO"), including a temporary injunction, temporary asset restraint, and expedited discovery. Plaintiff moves for such preliminary relief against the e-commerce stores operating the product listings identified in Schedule A to the Complaint. Based on the papers and pleadings filed under seal, the Court **DENIES** the motion for procedural deficiencies.

  Under Federal Rule of Civil Procedure 65, a temporary restraining order may be granted without notice to the adverse party only if "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). In addition, Local Rule 6.1(d) states that: "No *ex parte* order, or order to show cause to bring on a motion, will be granted, except upon a clear and specific showing by affidavit that contains good and sufficient reasons why a procedure other than by notice of motion is necessary."

  A failure to satisfy these procedural requirements renders an *ex parte* TRO application insufficient. *See, e.g., Anatomy IT, LLC v. CyberLife Sys., Inc.*, No. 24-CV-2460 (KMK), 2024 WL

1414203, at *3 (S.D.N.Y. Apr. 1, 2024) (denying *ex parte* motion for TRO for failure to explain what injury would result from notification); *FEI Hong Kong Co. Ltd. v. GlobalFoundries, Inc.*, No. 1:20-CV-02342-MKV, 2020 WL 1444956, at *2 (S.D.N.Y. Mar. 25, 2020) (same); *Rabbi Jacob Joseph Sch. v. Province of Mendoza*, 342 F. Supp. 2d 124, 127 (E.D.N.Y. 2004) (dissolving *ex parte* TRO for failure to declare what injury would result from notification).

Plaintiff failed to include any affidavit or verified complaint in support of his *ex parte* motion for a TRO. Accordingly, he has failed to satisfy the procedural requirements for his request. *See* Fed. R. Civ. 65(b)(1)(A); *Lepp v. Mallet*, No. 25-10214, 2025 U.S. Dist. LEXIS 76954, at *11–14 (E.D. Mich. Mar. 18, 2025) (denying *ex parte* motion for TRO for failing to include affidavit or verified complaint). Thus, the Court **DENIES** Plaintiff's motion.

The Court additionally notes that Plaintiff has failed to identify—or provide sufficient details to identify—the defendants. The list attached as Schedule A to the Complaint only includes links to the allegedly infringing products, not the names of the seller businesses. The provision of product links alone is insufficient, especially considering that Link 5 does not return a product and Link 6 is not accessible without an account. Accordingly, Plaintiff must file an amended Schedule A providing the names of the seller businesses in order to proceed.

**SO ORDERED.**

Dated:   September 23, 2025
         New York, New York

                                                  **ANDREW L. CARTER, JR.**
                                                  **United States District Judge**