UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JIAORONG LI,<br><br>       Plaintiff,<br><br>-against-<br><br>PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULED A,<br><br>       Defendants. | 1:25-cv-07875 (ALC)<br><br><u>SEALED TEMPORARY</u><br><u>RESTRAINING ORDER</u> |

**ANDREW L. CARTER, JR., United States District Judge:**

  Plaintiff Jiaorong Li ("Plaintiff") filed an *ex parte* motion for entry of a temporary restraining order ("TRO"), including temporary injunction, temporary asset restraint, and expedited discovery. Plaintiff filed an additional motion to serve electronically. Plaintiff moves for such preliminary relief against the e-commerce stores operating the listings identified in Schedule A to the Verified Complaint, which was filed under seal with the Court on September 25, 2025.

  After reviewing the motions, the Court **GRANTS IN PART** and **DENIES IN PART** the motion for a TRO. Specifically, the Court **GRANTS** the requests for a temporary injunction and expedited discovery. The Court **DENIES** without prejudice the motion for a temporary asset freeze. Last, the Court **GRANTS** the motion to serve electronically.

## FACTUAL FINDINGS & CONCLUSIONS OF LAW

1. Plaintiff is the owner of the lamp design covered by United States Design Patent No. D1051482 ("Patent").

2. Defendants are making, using, offering for sale, selling, and/or importing products which infringe on the Patent ("Infringing Products"). Defendants do so through listings on

Amazon.com ("Amazon Storefronts"). The listings for these products are linked in Schedule A to the Verified Complaint.

3. Plaintiff is likely to prevail on its patent infringement claim at trial.

4. As a result of Defendants' misconduct, Plaintiff is likely to suffer immediate and irreparable losses, damages, and injuries before Defendants can be heard in opposition, unless Plaintiff's application for *ex parte* relief is granted.

5. On balance, the potential harm to Defendants of being prevented from continuing to profit from their illegal and infringing activities if a temporary restraining order is issued is far outweighed by the potential harm to Plaintiff, if a temporary restraining order is not issued.

6. The public interest favors issuance of the temporary restraining order to protect Plaintiff's interests in the Patent, and to protect the public from being deceived and defrauded by Defendants' passing off their Infringing Products.

7. If Defendants are given notice of the motion for a TRO, they are likely to conceal, transfer, or otherwise dispose of their ill-gotten proceeds from their sales of Infringing Products. Therefore, good cause exists for granting Plaintiff's request to proceed *ex parte*.

8. Plaintiff's request to temporarily freeze Defendants' assets is denied without prejudice. Plaintiff makes a sufficient showing through the motion and Verified Complaint that Defendants are likely to destroy, move, hide or otherwise make inaccessible the records and documents relating to Defendants' manufacture, importing, advertising, marketing, distributing, offering for sale and/or sale of the infringing products. However, Plaintiff fails to detail the requested restraint in specific terms. Plaintiff does not delineate the institutions

that should be notified of the restraint nor even the types of institutions (i.e., e-commerce platforms, payment processing service providers, banks).

## ORDER

Based on the foregoing findings of fact and conclusions of law, Plaintiff's motions for a temporary injunction, expedited discovery, and to serve electronically are hereby **GRANTED** and it is **ORDERED** as follows:

### Temporary Restraints

1. As sufficient cause has been shown, Defendants are temporarily enjoined and restrained from engaging in any of the following conduct:

   a. Manufacturing, importing, distributing, selling, offering for sale, or profiting from the sale of the Infringing Products; and

   b. Otherwise directly or indirectly infringing on Plaintiff's Patent.

2. Within five (5) calendar days after receipt of this Order, Amazon and any other third party service provider to Defendants, shall disable the Amazon Storefronts and cease:

   a. Providing services to operate the listings for the Infringing Products;

   b. Displaying any advertisements used by or associated with Defendants in connection with the sale of the Infringing Products; and

   c. Displaying links to the listings in search results.

### Expedited Discovery

3. Any service provider with actual notice of this Order who is providing services for any of the Defendants, or in connection with any of Defendants' Amazon Storefronts, shall, within five (5) calendar days after receipt of such notice, provide to Plaintiff expedited discovery,

limited to copies of documents and records in such person's or entity's possession or control sufficient to determine:

  a. the identities and locations of Defendants, their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including all known contact information and all associated e-mail addresses;

  b. the nature of Defendants' operations and all associated sales, methods of payment for services, and financial information, including, without limitation, identifying information associated with the Amazon Storefronts and

  c. Defendants' financial accounts, including Defendants' sales and listing history related to their respective Amazon Storefronts; and

  d. any financial accounts owned or controlled by Defendants, including their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other any financial institution.

### Service

4. As sufficient cause has been shown, Plaintiff is permitted to serve Defendants electronically by email and electronic publication pursuant to Federal Rule of Civil Procedure 4(f)(3).

5. Service of this Order, Plaintiff's motions, the Summons, and Verified Complaint shall be made within three (3) days of the service providers' compliance with Paragraph 3 of this Order.

6. The Clerk of the Court is directed to issue a single original summons in the name of "The Partnerships and Unincorporated Associations Identified on Schedule A to the Verified Complaint" that shall apply to all Defendants.

### Security Bond

7. Plaintiff shall deposit with the Court Ten Thousand Dollars ($10,000.00), either cash, cashier's check or surety bond, as security, which amount was determined adequate for the payment of such damages as any person may be entitled to recover as a result of a wrongful restraint hereunder.

### ORDER TO SHOW CAUSE

This Temporary Restraining Order without notice is entered on September 25, 2025 and shall remain in effect for **fourteen (14)** calendar days. Any motion to extend this Order must be filed by **October 7, 2025.**

Defendants are hereby **ORDERED** to show cause as to why a preliminary injunction, pursuant to Federal Rule of Civil Procedure 65(a), should not issue. Defendants shall file opposing papers, if any, by **October 7, 2025**. The Court will hold a telephonic hearing on **October 9, 2025 at 11:00 a.m. Eastern Time.** All parties shall appear and should contact the Court at **1-855-244-8681** (access code: 2305 370 0226#).

**SO ORDERED.**

Dated:   September 25, 2025
         New York, New York

_____
**ANDREW L. CARTER, JR.**
**United States District Judge**