# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jiaorong Li<br><br>*Plaintiff*,<br><br>v.<br><br>Partnerships and Unincorporated Associations Identified on Schedule A<br><br>*Defendants*. | **Case No. 1:25-Cv-07875**<br><br>**Motion to Release Bond** |

## PLAINTIFF'S MOTION TO RELEASE BOND

Plaintiff Jiaorong Li ("Plaintiff"), by and through undersigned counsel, respectfully moves this Court for an Order releasing the $10,000 security bond posted pursuant to the Court's September 25, 2025 Temporary Restraining Order ("TRO"). In support of this Motion, Plaintiff states as follows:

### BACKGROUND

1. On September 25, 2025, the Honorable Court entered a Sealed Temporary Restraining Order ("TRO") requiring Plaintiff to post a $10,000 security bond as a condition of the TRO, pursuant to Fed. R. Civ. P. 65(c).

2. The TRO temporarily restrained Defendants from continuing to manufacture, import, distribute, advertise, or sell the infringing products associated with Plaintiff's U.S. Design Patent No. D1051482. It also authorized expedited discovery and alternative service.

3. On September 29, 2025, Plaintiff timely deposited the $10,000 bond with the Clerk of Court as required.

4. On November 6, 2025, the Honorable Court ordered the action is discontinued since "the parties have reached an agreement to settle the matter and will be executing a Settlement Agreement shortly." Therefore, the bond is no longer necessary and the purpose of the bond has been satisfied.

## LEGAL STANDARD

1. Under Federal Rule of Civil Procedure 65(c), a court may require a security bond to protect enjoined parties against damages should it later be determined that the injunction was wrongly issued. Once the need for the bond has ceased, and no party has asserted a claim for damages, courts routinely order the return of the bond. *See*, e.g., *Roth v. Bank of the Commonwealth*, 583 F.2d 527, 539 (6th Cir. 1978) (bond should be released when injunction proceedings terminate absent a claim for damages).

## ARGUMENT

1. No Defendant has asserted any claim for damages under Fed. R. Civ. P. 65(c), nor has any Defendant appeared to contest the TRO or to claim injury resulting from it.
2. The TRO has expired, and the bond is no longer required for any ongoing relief.
3. The purpose of the bond—to secure Defendants against wrongful restraint—has been fully satisfied since the action has been discontinued, and no factual basis exists to retain it further.
4. Therefore, Plaintiff respectfully requests that the Honorable Court to direct the Clerk to release the $10,000 bond and return funds to Plaintiff's counsel.

## CONCLUSION

1. For the foregoing reasons, Plaintiff respectfully requests that this Court enter the proposed order releasing the $10,000 TRO bond previously posted in this action.

Dated: November 22, 2025

Respectfully submitted,

/s/ Nitin Kaushik
Nitin Kaushik
1600 Perrinveille Rd.
Ste 2-400
Monroe Township, NJ 08831
Tel: 908-560-7265
Email: nitin.kaushik@gmail.com
*Counsel for Plaintiff*